# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

OTHA BUDDY WALKER,

Defendant-Appellant.

UNPUBLISHED
October 28, 2014

No. 316425
Wayne Circuit Court
LC No. 12-007763-FH

Before: BOONSTRA, P.J., and MARKEY and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals by right his bench trial convictions of attempted felonious assault, MCL 750.82; MCL 750.92, possession of a firearm during the commission or attempted commission of a felony (felony-firearm), MCL 750.227b, and carrying a concealed weapon while under the influence, MCL 28.425k(2)(a). Defendant was sentenced to concurrent sentences of three years' probation for the attempted felonious assault conviction, two years' imprisonment with 26 days' jail credit for the felony-firearm conviction, and 90 days' probation for the carrying a concealed weapon while under the influence conviction. We affirm.

Defendant first argues that there was insufficient evidence to support his attempted felonious assault conviction. We disagree.

This Court reviews a challenge to the sufficiency of the evidence in a bench trial de novo. *People v Lanzo Constr Co*, 272 Mich App 470, 473; 726 NW2d 746 (2006). "The evidence is viewed in a light most favorable to the prosecution to determine whether the trial court could have found that the essential elements of the crime were proven beyond a reasonable doubt." *Id*. at 474. It is the role of the trier of fact to weigh evidence and evaluate the credibility of witnesses. *People v Kanaan*, 278 Mich App 594, 618-619; 751 NW2d 57 (2008).

The trial court found defendant guilty of attempted felonious assault. Felonious assault is a specific intent crime. *People v Korona*, 119 Mich App 369, 370-371; 326 NW2d 143 (1982). "The elements of felonious assault are (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). The elements of attempt are " '(1) An intent to do an act or to bring about certain consequences which would in law amounts to a crime; and (2) an act in furtherance of that intent which, as it is most commonly put, goes beyond mere preparation.' " *People v Jones*, 443 Mich 88, 100; 504 NW2d 158 (1993) (citation

-1-

omitted).  An attempt also requires a specific intent to commit the underlying offense.  *People v Thousand*, 465 Mich 149, 164 n 15, 166; 631 NW2d 694 (2001).  The Supreme Court in *Jones* clarified that there is an offense of attempted felonious assault.  *Jones*, 443 Mich at 100.  An attempted felonious assault occurs when a person who is armed with a dangerous weapon intends to cause another person to reasonably fear an immediate battery.  *Id*. at 100-101.

Defendant contends that there was insufficient evidence to establish attempted felonious assault because the victim, John Norfleet, did not actually apprehend an immediate battery.  We disagree. First, there was sufficient evidence to establish that defendant was armed.  Norfleet, Renee Stokes, Ramon Stokes, and Timothy Murphy all testified that defendant was armed.  Officers Roberto Berry and Erica Jackson recovered a loaded semi-automatic pistol from defendant.  Their testimony provided sufficient evidence for a rational trial court to find that defendant was armed.  See *Kanaan*, 278 Mich App at 618-619.

In addition, there was sufficient evidence for the trial court to find that defendant had the specific intent to cause a reasonable apprehension of an immediate battery.  See *Jones*, 443 Mich at 100.  The Supreme Court in *Jones* clarified that an attempted felonious assault requires that the defendant intend to cause reasonable apprehension of an immediate battery.  *Id*. at 100-101.  The crime of attempted felonious assault does not require actual apprehension of an immediate battery.  See *id*.  Intent may be inferred from the facts and circumstances.  *People v Russell*, 297 Mich App 707, 721; 825 NW2d 623 (2012).

Norfleet testified that he observed defendant yelling.  Three times Norfleet asked defendant, "Are you talking to me?"  Norfleet then saw defendant, gun at his side, charge toward him.  Norfleet went into his house.  When defendant continued to yell, Norfleet stepped out of his house to ask defendant what the problem was.  Norfleet kept his foot in the front door and his hand on the front door.  Norfleet testified that defendant again came toward him with a gun held in his hand at his side.  Norfleet's testimony was corroborated by Renee's and Ramon's testimony.  Both testified that they observed defendant facing Norfleet's house while holding a gun.  Ramon also saw defendant run in the direction of Norfleet's house.  This evidence was sufficient for a rational trial court to find that defendant intended to cause Norfleet to reasonably apprehend an immediate battery when defendant came charging toward Norfleet while holding a gun at his side.  See *Jones*, 443 Mich at 100-101.

Defendant next argues that his actions at most constituted mere preparation to commit a felonious assault because he only held the weapon at his side and did not point it at Norfleet.  Mere preparation is insufficient to constitute an attempt.  *Jones*, 443 Mich at 100.  Preparation includes making arrangements to carry out the crime, while an attempt involves a direct movement toward committing the crime that would immediately cause commission of the crime.  *Id*.

Here, Norfleet testified that defendant charged toward him twice while holding a pistol at his side.  The trial court rationally found that defendant was not merely making arrangements or taking steps necessary to carry out the felonious assault.  See *Jones*, 443 Mich at 100.  Instead, the trial court reasonably found that defendant's actions constituted a direct movement toward committing the crime because charging toward Norfleet while holding a gun would immediately cause reasonable apprehension of an immediate battery.  See *id*.

-2-

Defendant also contends that his actions at most constituted a simple assault because he did not point his weapon at Norfleet. A simple assault requires only an attempt to commit a battery or an unlawful act that places the victim in reasonable apprehension of an immediate battery. *Jones*, 443 Mich at 92. However, as described above, the trial court rationally found that defendant's actions constituted attempted felonious assault because defendant was armed and had the intent to cause reasonable apprehension of an immediate battery. See *id.* at 100-101. The trial court reasonably found that an attempt occurred even though defendant did not point the weapon at Norfleet because defendant charged toward Norfleet while holding the pistol. See *id.*

Additionally, defendant argues that he could not form the requisite specific intent necessary to attempt a felonious assault because he was intoxicated at the time of the incident. Voluntary intoxication is generally not a defense to a crime. *People v Langworthy*, 416 Mich 630, 636; 331 NW2d 171 (1982). Voluntary intoxication, however, is an affirmative defense to a specific intent crime only in narrow circumstances. MCL 768.27. "[T]he defendant has the burden of proof by a preponderance of the evidence, that he or she voluntarily consumed a legally obtained and properly used medication or other substance and did not know and reasonably should not have known that he or she would become intoxicated or impaired." *Id.*

Defendant's argument fails because he has not met his burden of proof under the statute. First, the statute provides that voluntary intoxication is an affirmative defense. MCL 768.27. A defendant must raise an affirmative defense at the trial court level. See *People v Dupree*, 486 Mich 693, 703; 788 NW2d 399 (2010). Defendant did not raise the affirmative defense at the trial court level. In addition, defendant has not shown that his conduct falls into the narrow exception described in MCL 768.27. The trial court found that defendant was intoxicated from alcohol consumption. Defendant has not described any reasons on appeal for why alcohol constituted a properly used substance under the statute or for why he did not have reason to know that he would become intoxicated by drinking a large quantity of alcohol, especially given his apparent level of intoxication. See *Dupree*, 486 Mich at 703. Therefore, the voluntary intoxication defense does not negate the specific intent required for attempted felonious assault.

Defendant also contends that the trial court did not describe the additional element in the criminal jury instruction on felonious assault that is needed to create an attempted felonious assault. The trial court judge stated on the record the elements of felonious assault from Criminal Jury Instruction 17.9. The Michigan Model Criminal Jury Instruction for felonious assault does not contain a fifth element regarding attempted felonious assault. M Crim JI 17.9; consequently, defendant's argument fails. Accordingly, we conclude that there was sufficient evidence to support defendant's attempted felonious assault conviction.

Defendant next argues that there was insufficient evidence to convict him of carrying a concealed weapon while under the influence of alcohol or a controlled substance. We disagree.

A person who obtains a concealed pistol license may not carry the concealed pistol while under the influence of alcohol. MCL 28.425k(2). MCL 28.425k(2)(a) provides:

> If the person was under the influence of alcoholic liquor or a controlled substance or a combination of alcoholic liquor and a controlled substance, or had a bodily

alcohol content of .10 or more grams per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine, the individual is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or $100.00, or both.

A person who obtains a concealed pistol license impliedly consents to submit to a chemical test. MCL 28.425k(1). A person may refuse to submit to the test, but the police officer will inform the person that the officer may obtain a court order for the sample and that the refusal may result in suspension or revocation of the concealed weapon license. MCL 28.425k(5)(a). A breath sample test is conducted in the same manner as collection for alcohol-related driving violations under the Michigan Vehicle Code. MCL 28.425k(6). Mich Admin Code, R 325.2655 describes the relevant procedure for conducting evidential breath alcohol analyses. See *People v Fosnaugh*, 248 Mich App 444, 448; 639 NW2d 587 (2001).

Defendant argues that there was insufficient evidence for the trial court to find that he was under the influence of alcohol in violation of MCL 28.425k(2)(a). Specifically, defendant argues that the 0.22 blood alcohol content evidence should not have been admitted at trial to establish his guilt because Officer Jackson performed the breathalyzer test in violation of MCL 28.425k(5)(a) and Mich Admin Code, R 325.2655. But defendant waived any issue regarding admission of the 0.22 breathalyzer test result evidence. Unless there are extraordinary circumstances, a defendant challenging admission of evidence must object to admission of the evidence at the trial court level to preserve the issue for appellate review. *People v Grant*, 445 Mich 535, 544-547; 520 NW2d 123 (1994). In addition, a defendant waives plain error review of an unpreserved issue when he affirmatively approves of the trial court's handling of the issue. See *People v Carter*, 462 Mich 206, 215-216; 612 NW2d 144 (2000). A defendant also waives appellate review when he contributes to the error. *People v Gonzalez*, 256 Mich App 212, 224; 663 NW2d 499 (2003).

In this case, defendant initially introduced the 0.22 blood alcohol content results when defense counsel questioned Officer Berry regarding the results as follows:

> *Q*. Okay. Did you get the results?
>
> *A*. Yes.
>
> *Q*. Okay. And what were those results?
>
> *A*. If I can refer back to my report; it was 0.22.

Additionally, defense counsel did not object when the prosecution moved to admit the 0.22 blood alcohol content result into evidence. Instead, defense counsel acquiesced to the trial court's decision to admit the evidence when defense counsel stated, "Judge, we won't object." Therefore, defendant waived the issue of admission of the 0.22 blood alcohol content evidence for appellate review because defense counsel contributed to the alleged error by introducing the evidence at trial. See *Gonzales*, 256 Mich App at 224. Furthermore, defendant waived the issue when defense counsel acquiesced to the trial court's decision to admit the evidence. See *Carter*, 462 Mich at 215-216.

Even if defendant did not waive the issue, the test result evidence was properly admitted at trial. Defendant contends that he refused to submit to the test and that his refusal may only be admitted at trial to show that a breathalyzer test was offered to defendant, rather than to prove the underlying crime of carrying a concealed weapon while under the influence.

At trial, Officer Jackson stated that she read defendant his chemical test rights and asked him to sign a Chemical Test Rights form, which defendant did not sign. Officer Jackson then filled out the form herself. Officer Jackson performed two breath tests on defendant using two breath samples. Obtaining an individual's signature on a Chemical Rights Form is not a requirement under MCL 28.425k(5)(a) or under the Michigan Vehicle Code and corresponding regulations. Defendant has not provided any support for this assertion that he refused the test simply by not signing the form. He has not provided any additional evidence that he refused to submit to the test. Instead, defendant did submit to the test when Officer Jackson performed two breathalyzer tests on him. In addition, the Michigan Vehicle Code provision barring evidence of a refusal to submit to a chemical test does not apply in this case because the prosecution submitted evidence of the results of the breath sample itself as substantive evidence in the case, rather than defendant's refusal to submit to the test. MCL 257.625a(9). Thus, defendant's argument fails.

Defendant also argues that Officer Jackson failed to follow the proper procedure when she obtained only one valid breathalyzer sample from defendant. Mich Admin Code, R 325.2655(f) requires that a police officer request and administer a second breath sample unless the individual refuses or a substance is found in the person's mouth after the first test that could interfere with the second test result. *Fosnaugh*, 248 Mich App at 451. If a substance is found in the person's mouth and results in an invalid second breath sample, then the result of the first sample is admissible at trial without a second breath sample. See *id*. at 447-450. In *Fosnaugh*, this Court held that "mouth alcohol" that was regurgitated from the defendant's stomach into his mouth constituted a substance found in a person's mouth that could interfere with the second test result. *Id.* at 453.

Officer Jackson testified that she only obtained one breathalyzer result from defendant because the result of the second breathalyzer test was invalid. She testified that the invalid result was likely due to defendant's blowing into the machine incorrectly: saliva entered the machine and invalidated the result. Officer Jackson did not obtain a third breath sample from defendant. Officer Jackson's actions did not violate the rule because saliva constitutes a substance found in a person's mouth that could interfere with the test result. See *Fosnaugh*, 248 Mich App at 452, 454. Saliva is similar to the mouth alcohol described in *Fosnaugh* because both are substances from the individual's body that could interfere with the result of the breathalyzer test. See *id*. at 452. Thus, Officer Jackson was not required to obtain a third sample, and the result of the first breathalyzer test was admissible at trial. See *id*.

Defendant has failed to establish any other errors. Defendant contends that no one asked Officer Jackson whether she purged the breathalyzer machine and whether she moved defendant from the immediate area until testing was complete, and no one inspected the booking video to see how Officer Jackson conducted the test. Defendant claims that these were requirements under Mich Admin Code, R 325.2655 and that Officer Jackson did not comply with the rule. He also states that there are other reasons why the 0.22 breathalyzer result could not be admitted as

evidence, but he does not articulate these reasons. It is unclear whether defendant argues that the trial court erred or that defense counsel was ineffective for failing to ask Officer Jackson the questions, and defendant does not provide authority in support of his position. Consequently, defendant's argument fails because he has not articulated an issue on appeal and has not provided authority in support of his position. See *People v Bowling*, 299 Mich App 552, 559-560; 830 NW2d 800 (2013).

Furthermore, even if the 0.22 result were improperly admitted at trial, the error was harmless because there was sufficient evidence in the record for a rational trial court to find beyond a reasonable doubt that defendant was intoxicated. Norfleet testified that defendant was drunk and that his speech was slurred. Renee testified that she believed defendant was drunk based on the way he was walking and because she could not understand what he was saying. Officer Berry and Officer Jackson both testified that defendant was drunk because he had glassy eyes, slurred speech, and smelled of alcohol. This evidence was sufficient for a rational trial court to find beyond a reasonable doubt that defendant was under the influence of alcohol. See *Kanaan*, 278 Mich App at 618. Thus, even if the trial court erred, the error was harmless because it did not prejudice defendant. See *People v Lukity*, 460 Mich 484, 493-495; 596 NW2d 607 (1999). Accordingly, we conclude that there was sufficient evidence to support defendant's conviction of carrying a concealed weapon while under the influence.

We affirm.


/s/ Mark T. Boonstra
/s/ Jane E. Markey
/s/ Kirsten Frank Kelly