# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

RUSSELL HUMES,

       Defendant-Appellant.

UNPUBLISHED
April 20, 2017

No. 330780
Macomb Circuit Court
LC No. 2014-001817-FH

Before: FORT HOOD, P.J., and JANSEN and HOEKSTRA, JJ.

PER CURIAM.

Defendant was convicted of reckless driving causing death, MCL 257.626(4), and violating licensing restrictions, MCL 257.312. He was sentenced to 7 to 15 years' imprisonment for reckless driving and 90 days in jail for violating his licensing restrictions. He appeals as of right. Because defendant was not denied the effective assistance of counsel, we affirm.

Defendant's convictions arise from a September 2013 car accident, which resulted in the death of the driver of another vehicle. Specifically, the evidence showed that, while travelling westbound on 19 Mile Road at 50 mph, defendant drifted across three lanes of traffic, crossed the centerline, and crashed into a vehicle traveling in the opposite direction. The driver of the other vehicle died as a result of the crash. After the crash, defendant was taken to a hospital. He acknowledged that he had taken two medications that morning: Lyrica and Prozac, both of which come with warnings not to use with alcohol. Although defendant denied the use of alcohol, a serum blood test at the hospital showed that defendant's blood-alcohol level was .06. Defendant pleaded guilty to violating licensing restrictions, and a jury convicted defendant of reckless driving causing death.[1] Defendant now appeals as of right.

On appeal, defendant argues that he was denied the effective assistance of counsel on two bases. First, defendant maintains that his attorney provided ineffective assistance by stipulating to the admission of the hospital blood test, which involved less "elaborate" testing than that employed by the Michigan State Police for criminal purposes. According to defendant, counsel

---

[1] Defendant was found not guilty of operating a vehicle while intoxicated causing death, MCL 257.625(4).

-1-

should have challenged the reliability of the testing method in view of the superior forensic testing available and "highlighted the deficiencies in the chain of evidence." Defendant asserts that the test results were inadmissible or that, at a minimum, defense counsel should have pursued these issues through cross-examination of the prosecution's expert. Second, defendant also contends that counsel provided ineffective assistance by failing to object to the scoring of offense variables (OVs) 3 and 18 because, considering only the evidence relating to the sentencing offense, the evidence does not establish that he was visibly impaired. We disagree.

Defendant failed to move the trial court for a new trial or a *Ginther*[2] hearing, meaning that he failed to preserve his ineffective assistance of counsel claim.[3] *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). In the absence of a *Ginther* hearing, our review of defendant's ineffective assistance claim is limited to mistakes apparent on the record. *People v Woolfolk*, 304 Mich App 450, 454; 848 NW2d 169 (2014); *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012). "To establish an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *Id*. A defendant claiming ineffective assistance also bears the burden of establishing the factual predicate for the claim. *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). Decisions regarding what evidence to present, and what objections to make, are considered matters of trial strategy, and this Court will not substitute its judgment for counsel's regarding matters of trial strategy. *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008); *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002).

On appeal, defendant first argues counsel erred by stipulating to the hospital blood test results. He claims the test results were inadmissible because the serum blood test at the hospital for medical treatment purposes was unreliable as compared to whole blood testing done by the Michigan State Police and that the prosecutor failed to establish the appropriate chain of custody. However, defendant offers mere speculation to support his claim; that is, there is nothing in the record to support the assertion that the blood serum test was unreliable or that a defect in the chain of custody rendered the test inadmissible. In particular, admission of chemical test results is authorized by MCL 257.625a(6), which provides, in part:

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[3] Defendant moved this Court to remand for an evidentiary hearing, but that motion was denied. *People v Humes*, unpublished order of the Court of Appeals, entered August 16, 2016 (Docket No. 330780). Although we denied his motion, to the extent defendant's appeal involves a challenge to the scoring of sentencing variables, that issue is considered preserved. *Id*. See also MCL 769.34(10); *People v Kimble*, 470 Mich 305, 310; 684 NW2d 669 (2004).

-2-

(6) The following provisions apply with respect to chemical tests and analysis of a person's blood, urine, or breath, other than a preliminary chemical breath analysis:

***

(e) If, after an accident, the driver of a vehicle involved in the accident is transported to a medical facility and a sample of the driver's blood is withdrawn at that time for medical treatment, the results of a chemical analysis of that sample are admissible in any civil or criminal proceeding to show the amount of alcohol or presence of a controlled substance or other intoxicating substance in the person's blood at the time alleged, regardless of whether the person had been offered or had refused a chemical test. . . .

To be admissible under MCL 257.625(6), the test results must be both relevant and reliable. *People v Fosnaugh*, 248 Mich App 444, 450; 639 NW2d 587 (2001). "[S]uppression of test results is required only when there is a deviation from the administrative rules that call into question the accuracy of the test." *Id*.

In this case, defendant makes no claim of a deviation from rules governing testing procedures and simply relies on the fact that the hospital conducted the blood testing rather than the state police. However, as written, the statute plainly contemplates testing at a medical facility by medical personal. See *People v Kulpinski*, 243 Mich App 8, 26; 620 NW2d 537 (2000). There is certainly no statutory requirement for whole blood testing as opposed to serum testing. Defendant fails to specifically identify anything in the record to support a conclusion that the hospital test was unreliable so as to be rendered inadmissible and he has not made an offer of proof from an expert that would tend to support this assertion.[4] See *People v Ackerman*, 257 Mich App 434, 455; 669 NW2d 818 (2003). Likewise, defendant points to nothing in the record to suggest that there was a break in the chain of custody that would affect the admissibility of the test results. See generally *People v White*, 208 Mich App 126, 130; 527 NW2d 34 (1994). Without such evidence, defendant has failed to establish the factual predicate of his claim, and he has failed to show that counsel erred in stipulating to the admission of those results or that counsel performed unreasonably in his cross examination of the prosecutor's expert. Given that defendant has not shown the test was unreliable or otherwise inadmissible, he has also failed to show that any challenge by counsel would have succeeded, meaning that defendant has not shown a reasonable probability of a different outcome. See *Ackerman*, 257 Mich App at 455-456. Thus, his ineffective assistance claim must fail.

---

[4] While the testimony at trial indicated that there are differences between a serum test and a whole blood test in how they are conducted and the results they produce, contrary to defendant's arguments, nothing in the testimony suggests that the serum test is considered unreliable. Rather, an expert in toxicology was able to apply a standard conversion between the tests, explaining that the difference between the two tests is approximately 16 percent, such that a .06 level on a serum blood test (often used by hospitals in the course of medical treatment) equates to closer to a .05 level on a whole blood test (of the type more often used in law enforcement).

Defendant next argues that counsel erred in failing to object to the scoring of OV 3 and OV 18. Specifically, defendant claims these offense variables did not apply because there was no evidence to support a finding that he was under the influence of, or visibly impaired by, alcohol and/or a controlled substance, especially where the jury acquitted him of driving while intoxicated causing death. Defendant contends that the variables may only be scored in reference to the sentencing offense and that any alcohol impairment or use of a controlled substance related not to the sentencing offense but solely to the charge of driving while intoxicated causing death.

"A trial court determines the sentencing variables by reference to the record, using the standard of preponderance of the evidence." *People v Osantowski,* 481 Mich 103, 111; 748 NW2d 799 (2008). "A sentencing court may consider all record evidence before it when calculating the guidelines, including, but not limited to, the contents of a presentence investigation report, admissions made by a defendant during a plea proceeding, or testimony taken at a preliminary examination or trial." *People v Ratkov (After Remand)*, 201 Mich App 123, 125; 505 NW2d 886 (1993). "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error[.]" *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.*

OV 3 concerns physical injury to a victim. MCL 777.33(1). The trial court scored defendant at 50 points for OV 3. Under OV 3, fifty points should be scored:

if death results from the commission of a crime and the offense or attempted offense involves the operation of a vehicle . . . and any of the following apply:

(*i*) The offender was under the influence of or visibly impaired by the use of alcoholic liquor, a controlled substance, or a combination of alcoholic liquor and a controlled substance.

(*ii*) The offender had an alcohol content of 0.08 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine . . . .

(*iii*) The offender's body contained any amount of a controlled substance listed in schedule 1 under section 7212 of the public health code, 1978 PA 368, MCL 333.7212, or a rule promulgated under that section, or a controlled substance described in section 7214(a)(*iv*) of the public health code, 1978 PA 368, MCL 333.7214. [MCL 777.33(c).]

In comparison, OV 18 addresses an operator's ability as affected by alcohol or drugs. MCL 777.48(1). The variable applies to the offense categories of crimes against a person and crimes against public safety, if the offense or attempted offense involved the operation of a vehicle. MCL 777.22(1), (5). The trial court scored defendant at 5 points for OV 18. Five points is scored if the "offender operated a vehicle . . . while he or she was visibly impaired by the use of alcoholic or intoxicating liquor or a controlled substance or a combination of alcoholic

or intoxicating liquor and a controlled substance, or was less than 21 years of age and had any bodily alcohol content." MCL 777.48(1)(d).

In this case, a preponderance of evidence supported the court's assignment of points for OV 3 and 18. The evidence established defendant had consumed alcohol, as he had a blood alcohol level of .06. That he was visibly impaired by this alcohol consumption is clear from his observable conduct. See generally *People v Lambert*, 395 Mich 296, 305; 235 NW2d 338 (1975). That is, while driving on the afternoon of a clear day, defendant crossed the center lane, veered across several lanes of traffic, and caused a collision, killing the driver of the other car. All of this supports a finding that defendant was visibly impaired at the time of the accident and fully justified the court's scoring decision. Moreover, contrary to defendant's arguments, this visible impairment occurred during his reckless driving causing death, and all of defendant's conduct in relation to the sentencing offense is properly considered when scoring OV 3 and OV 18. Cf. *People v Chelmicki*, 305 Mich App 58, 72; 850 NW2d 612 (2014). See also *People v McGraw*, 484 Mich 120, 124; 771 NW2d 655 (2009). In short, OV 3 and OV 18 were properly scored. It follows that any objection by defense counsel to the scoring of these variables would have been futile, and counsel is not considered ineffective for failing to offer a futile objection. *People v Odom*, 276 Mich App 407, 416; 740 NW2d 557 (2007). Thus, defendant's ineffective assistance claim is without merit.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Kathleen Jansen
/s/ Joel P. Hoekstra