*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 9, 2022

Plaintiff-Appellee,

v

No. 357772
Wayne Circuit Court
LC No. 17-002247-02-FC

KOBI AUSTIN TAYLOR,

Defendant-Appellant.

Before: BOONSTRA, P.J., and GADOLA and HOOD, JJ.

PER CURIAM.

Defendant appeals by right following his resentencing. The trial court, on a second remand from this Court, resentenced defendant to concurrent prison terms of 65 to 95 years for each of two counts of second-degree murder, MCL 750.317, and 18 to 40 years for each of two counts of armed robbery, MCL 750.529, as well as the statutorily-mandated two-year prison term for possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On February 6, 2017, defendant and codefendants Dominik Charleston[1] and Amber Tackett[2], arranged to meet with Jordan Baker, purportedly to purchase marijuana. During the

---

[1] Charleston was convicted of two counts of first-degree premeditated murder, MCL 750.316(l)(a), two counts of first-degree felony murder, MCL 750.316(1)(b), two counts of armed robbery, MCL 750.529, and one count of felony firearm, MCL 750.227b. Charleston appealed to this Court, and this Court affirmed his convictions. *People v Charleston*, unpublished per curiam opinion of the Court of Appeals, issued March 5, 2019 (Docket No. 339923).

[2] Tackett pleaded guilty to one count of armed robbery, MCL 750.529, and one count of felony firearm, MCL 750.227b, in exchange for a sentencing agreement and dismissal of the remaining counts, which included one count of armed robbery, MCL 750.529, and two counts of first-degree

meeting, Charleston shot and killed Baker and another man, Howard Wick. Defendant was arrested and charged with two counts of first-degree murder, MCL 750.316, two counts of armed robbery, MCL 750.529, and one count of felony-firearm, MCL 227b. After a jury trial, defendant was convicted as described and sentenced to prison terms of 65 to 95 years for each second-degree murder conviction and 18 to 40 years for each armed robbery conviction, as well as two years for his felony-firearm conviction. Defendant's recommended minimum sentencing guidelines range was calculated at 22 1/2 to 37 1/2 years.

Defendant appealed by right, and this Court remanded the matter to the trial court because "the trial court did not specifically address [defendant's] background or how the sentence imposed was more proportionate to him, which is the basis of the proportionality requirement." See *People v Taylor*, unpublished per curiam opinion of the Court of Appeals, issued March 5, 2019 (Docket. No. 340027), p 8. At a resentencing hearing held on March 5, 2020, the trial court re-imposed its original sentence. Defendant appealed to this Court a second time, and we again remanded for the trial court to clarify "why the 65-year minimum sentence the court imposed for each of the murder convictions was more proportionate than a sentence within the minimum sentence guidelines range, which had a top end of 37 ½ years." *People v Taylor*, unpublished per curiam opinion of the Court of Appeals, issued May 20, 2021 (Docket. No. 353175), p 2. At a second resentencing hearing held on June 7, 2021, the trial court again re-imposed its original sentence. This appeal followed.

## II. STANDARD OF REVIEW

We review an out-of-guidelines sentence for reasonableness. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). Resentencing is required only when a sentence is found to be unreasonable. *Id*. "Sentencing courts must, however, continue to consult the applicable guidelines range and take it into account when imposing a sentence. Further, sentencing courts must justify the sentence imposed in order to facilitate appellate review." *Id*.

We review for an abuse of discretion a trial court's decision to impose an out-of-guidelines sentence. *Id*. The trial court abuses its discretion if it makes a decision that falls outside the range of principled outcomes. *People v Williams*, 241 Mich App 519, 522; 616 NW2d 710 (2000).

## III. ANALYSIS

Defendant argues that the trial court abused its discretion when resentencing defendant, because it failed to explain why defendant's sentence was reasonable and proportionate. We disagree.

A trial court must adhere to the principle of proportionality when sentencing a defendant. *People v Steanhouse*, 500 Mich 453, 477; 902 NW2d 327 (2017). The "principle of proportionality requires sentences imposed by the trial court to be proportionate to the seriousness of the

---

felony murder, MCL 750.316(1)(b). She sought leave to appeal to this Court, but we denied her application for leave to appeal "for lack of merit in the grounds presented." *People v Tackett*, unpublished order of the Court of Appeals, issued February 14, 2018 (Docket No. 341831).

circumstances surrounding the offense and the offender." *Id*. at 474. Factors to consider when determining the proportionality of an out-of-guidelines sentence "include (1) whether the guidelines accurately reflect the seriousness of the crime, (2) factors not considered by the guidelines, and (3) factors considered by the guidelines but given inadequate weight." *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (citations omitted). Other facts that may be considered include a defendant's misconduct while in custody, a defendant's expressions of remorse, and a defendant's potential for rehabilitation. *People v Horn*, 279 Mich App 31, 45; 755 NW2d 212 (2008). Trial courts are "not required to use any formulaic or 'magic' words to justify [their] departure" from the sentencing guidelines. *People v Babcock*, 469 Mich 247, 259 n 13; 666 NW2d 231 (2003). A trial court's justification of the sentence imposed must include "an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Id*.

In this case, the trial court adequately explained why defendant's out-of-guidelines sentence was more proportionate to the offense and the offender than a different sentence would have been. In our first remand, we directed the trial court to (1) take into account defendant's background and (2) explain why the out-of-guidelines sentence was more proportionate to the seriousness of the circumstances than a guidelines sentence would have been. In our second remand, we reiterated the second of these instructions, directing the trial court to explain "why the murder sentences were more proportionate to the offenses and the offender than that recommended under the sentencing guidelines." On the second remand, the trial court addressed the proportionality issue by describing defendant's pre-offense and post-offense conduct, concluding that the sentencing guidelines were "woefully . . . inadequate to address the role that [defendant] played in all of this." Regarding defendant's pre-offense conduct, the trial court focused on defendant having been the "mastermind" behind the plan to steal marijuana from Baker. Regarding defendant's post-offense conduct, the trial court focused on evidence that defendant had rolled Wick's dead body over to search for marijuana, and had attempted to frame innocent third parties for the crime. This conduct suggested to the trial court a "level of sophistication" on the part of defendant that justified exceeding the sentencing guidelines. The trial court elaborated that this conduct showed "such a reckless disregard for the value of human life" that defendant was unlikely to be rehabilitated. In conclusion, the trial court stated: "And I think, . . . when you look at principles of proportionality, that's why I think . . . that the sentence that I gave[] of sixty-five to ninety-five years[] is proportionate to the seriousness of the circumstances surrounding the offense[] and the offender."

In sum, the trial court explained why defendant's out-of-guidelines sentence was more proportionate to the offense and the offender in light of the reckless and egregious actions taken by defendant before, during, and after the homicides. These actions included planning an armed robbery, taking marijuana from the dead bodies of the victims after they had been shot, lying to the police, and trying to frame innocent people. Although some of this conduct is considered by the scoring of certain offense variables (OVs), it is clear the trial court found that to the extent this conduct was contemplated by the guidelines, it was given inadequate weight. *Dixon-Bey*, 321 Mich App at 525. The trial court also specifically referred to the unlikelihood of rehabilitation, which our Supreme Court has said is a factor to be considered when imposing an out-of-guidelines sentence. *Horn*, 279 Mich App at 45. The trial court noted that defendant's actions reflect a "reckless disregard for the value of human life" and justify a sentence above the sentencing

guidelines. Therefore, the trial court satisfied its obligation to articulate the reasons for the sentence it imposed.

Defendant argues that the trial court merely cited the same reasons for affirming defendant's sentence on the second remand as it had on the first remand, and that it therefore did not satisfy our directive on the second remand. We disagree. Defendant inaccurately characterizes the record, which in fact shows that the trial court recognized that it had not adequately focused on the proportionality issue on the first remand and clarified that its overlooking of the proportionality issue was inadvertent. And the trial court's discussion of its proportionality rationale on the second remand was significantly more in-depth than on the first remand. There is no basis on which to conclude that the trial court did not comply with our remand order or merely repeated its rationale from the first resentencing.

Defendant further argues that the trial court's focus on defendant's attempts to blame others for the crime was unwarranted because such attempts are commonplace during criminal investigations, and that OV 19[3] already takes into account post-offense behavior such as lying to the police. Defendant is correct that certain types of post-offense conduct are covered by OV 19. See MCL 777.49(c). However, defendant has not provided a copy of his pre-sentence investigation report (PSIR), as required by MCR 7.212(C)(7).[4] See *People v Cain*, 238 Mich App

---

[3] The scoring of OV 19 is delineated in MCL 777.49:

> Offense variable 19 is threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services. Score offense variable 19 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> (a) The offender by his or her conduct threatened the security of a penal institution or court                                            25 points
>
> (b) The offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services                                            15 points
>
> (c) The offender otherwise interfered with or attempted to interfere with the administration of justice, or directly or indirectly violated a personal protection order                                            10 points
>
> (d) The offender did not threaten the security of a penal institution or court or interfere with or attempt to interfere with the administration of justice or the rendering of emergency services by force or threat of force            0 points

[4] MCR 7.212(C)(7) states, in relevant part: "If an argument is presented concerning the sentence imposed, in a criminal case, the appellant's attorney must send a copy of the presentence report to

95, 129; 605 NW2d 28 (1999). The number of points attributed to OV 19, is therefore unknown, as is the trial court's consideration of it in determining his sentencing guidelines. Failure to submit to this Court a copy of the PSIR waives any pertinent review of a defendant's sentence. *People v Oswald*, 208 Mich App 444, 446; 528 NW2d 782 (1995). Consequently, defendant has waived review of this issue by failing to provide a copy of his PSIR.

In any event, although OV 19 can encompass acts that occur outside the judicial process and before criminal charges are filed, *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013), we conclude on the record before this Court that the trial court's decision was not an abuse of discretion. The trial court noted that there were numerous instances of pre- and post-offense conduct by defendant that justified a sentence exceeding the guidelines, suggesting that it considered the scoring of OV 19 to be inadequate. As noted, the trial court relied on a wide range of factors—including defendant's role in planning and instigating an armed robbery, taking marijuana from the dead bodies of the victims after they had been shot, and the low likelihood of rehabilitation—in reaching its conclusion that defendant's sentences were proportionate and reasonable. While it may be true that certain of his post-offense actions were accounted for in the scoring of OV 19, this single factor does not outweigh the other factors identified by the trial court in support of the trial court's conclusion.

Defendant also argues that the trial court had no way to accurately determine his likelihood of rehabilitation, and that the current sentence is foreclosing any chance of rehabilitation for defendant. In particular, defendant argues that he has no prior adult criminal record and has documented mental illness and educational struggles. Therefore, defendant argues, the trial court abused its discretion by determining that he lacked the potential for rehabilitation. We disagree. Although defendant, aged 19 at the time of the offense, had no prior *adult* criminal record, he did have a significant juvenile record, including convictions for assaultive crimes and weapons possession. Moreover, with regard to defendant's mental health and educational issues, "trial courts are not required to expressly or explicitly consider mitigating factors at sentencing." *People v Bailey*, 330 Mich App 41, 63–64; 944 NW2d 370, 385 (2019). As in *Bailey*, the trial court was presented with defendant's PSIR and numerous educational program records, many of which discussed defendant's mental health challenges and struggles with academic learning. Therefore, because the trial court was aware of defendant's mental health challenges at sentencing through the PSIR and other documents, and was not required to refer to those factors when determining his

---

the court at the time the brief is filed[.]" See *People v Fosnaugh*, 248 Mich App 444, 449; 639 NW2d 587 (2001), which acknowledges "the word 'must' is mandatory language[.]" We note that one page of defendant's PSIR is attached as an exhibit to a resentencing memorandum contained in the record provided to this Court; however, that page only lists some of defendant's juvenile convictions and does not contain OV scores.

sentence, defendant has not demonstrated that the trial court abused its discretion by imposing an out-of-guidelines sentence despite the presence of potential mitigating factors. *Id.*

Affirmed.

/s/ Mark T. Boonstra
/s/ Michael F. Gadola
/s/ Noah P. Hood