PEOPLE v PAYTON

Docket No. 117303. Submitted October 9, 1990, at Lansing. Decided December 5, 1990, at 9:09 A.M.

Errick Payton was convicted of voluntary manslaughter following a bench trial in the Recorder's Court for the City of Detroit, Clarice Jobes, J. The trial court, after stating an intention to sentence the defendant within the sentencing guidelines, sentenced the defendant to ten to fifteen years imprisonment. The defendant appealed alleging that the trial court erred in the scoring of the sentencing guidelines.

The Court of Appeals *held:*

The trial court incorrectly imposed twenty-five points for a murder conviction. Homicide Offense Variable *3*, instruction B mandates a ten-point score where, as in this case, a killing is intentional within the definitions of second-degree murder or voluntary manslaughter, but the death occurred in a combative situation or in response to victimization of the offender by the decedent.

Conviction affirmed, sentence vacated, and case remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Joan Ellerbusch Morgan,* for the defendant.

Before: GILLIS, P.J., and MICHAEL J. KELLY and NEFF, JJ.

MICHAEL J. KELLY, J. Following a bench trial, defendant was found guilty of voluntary manslaughter, MCL 750.321; MSA 28.553, and, on

March 2, 1989, was sentenced within the sentencing guidelines to ten to fifteen years imprisonment. Defendant appeals his sentence as of right.

Defendant challenges the scoring of the sentencing guidelines. Specifically, defendant argues that the trial court incorrectly imposed twenty-five points in accordance with a murder conviction when, in fact, defendant was acquitted of murder.

Homicide Offense Variable 3 directs the trial court to score ten points where a killing is intentional within the definitions of second-degree murder or voluntary manslaughter but the death occurred in a combative situation or in response to victimization of the offender by the decedent. That is exactly what the trial court found to be established by the facts of this case. However, the trial court failed to follow OV 3, instruction B which mandates a ten-point score upon such a finding. We therefore find that the established facts clearly do not permit the trial court's scoring to stand and, accordingly, remand for resentencing. *People v Reddish,* 181 Mich App 625, 628; 450 NW2d 16 (1989).

Defendant's conviction is affirmed, but his sentence is vacated, and the case is remanded for resentencing consistent with this opinion. We do not retain jurisdiction.