PEOPLE v OSWALD

Docket No. 164122. Submitted December 21, 1994, at Grand Rapids. Decided January 18, 1995, at 9:00 A.M.

David A. Oswald pleaded guilty in the Bay Circuit Court, Eugene C. Penzien, J., of first-degree retail fraud. The court imposed probation and required the defendant to pay, as a condition of probation, a fine that exceeded the maximum fine set by the first-degree retail fraud statute. The defendant appealed.

The Court of Appeals *held:*

1. Express mention in the probation statute that jail time imposed as part of probation shall not exceed the maximum period of incarceration provided in the statute under which the conviction was obtained implies the exclusion of a similar limitation on the amount of fines that may be imposed as part of probation where the statute is silent with regard to limitation of fines.

2. Probation is a matter of grace, not of right, and the trial court enjoys broad discretion in determining the conditions to be imposed as part of probation.

3. The defendant, in failing to supply the Court of Appeals with a copy of the presentence investigation report, has waived appellate review of his claim that the fine was excessive.

Affirmed.

SENTENCES — PROBATION — FINES.

The amount of fines to be imposed as a condition of probation rests in the discretion of the sentencing court and is not limited to the maximum fine set by the statute under which the conviction was obtained (MCL 771.3[2][b]; MSA 28.1133[2][b]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Joseph K. Sheeran,* and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

REFERENCES
Am Jur 2d, Criminal Law §§ 570, 613, 614.
See ALR Index under Parole, Probation, and Pardon.

*Skronek & Cowdry* (by *William R. Cowdry*), for the defendant on appeal.

Before: Neff, P.J., and Sawyer and J. P. Jour-dan,* JJ.

Per Curiam. Defendant pleaded guilty of retail fraud in the first degree. MCL 750.356c; MSA 28.588(3). He was placed on five years' probation, with the first seven months to be served in the county jail. Additionally, the order of probation required the payment of a $1,500 fine. Defendant now appeals, and we affirm.

Defendant first argues that the trial court was not authorized by statute to impose a $1,500 fine. Rather, defendant argues that the trial court was limited to the maximum fine of $1,000 authorized by the first-degree retail fraud statute. MCL 750.356c(1); MSA 28.588(3)(1). We disagree.

The trial court is authorized to impose a fine as a condition of probation, though the probation statute does not restrict the amount of that fine. MCL 771.3(2)(b); MSA 28.1133(2)(b). Defendant's argument that the amount of the fine should be restricted to the maximum fine that is authorized by the underlying criminal statute has no support in the text of the probation statute. Indeed, the primary thrust of defendant's argument, that in other instances the probation statute links the penalty to the underlying criminal statute in-volved, weakens rather than supports defendant's position. For example, under MCL 771.3(2)(a); MSA 28.1133(2)(a), the maximum amount of jail time that may be imposed as a condition of probation may not exceed the maximum period of incarcera-tion provided for in the underlying statute. The fact that the Legislature chose in that section to

* Circuit judge, sitting on the Court of Appeals by assignment.

limit specifically the court's authority in imposing a term of imprisonment to that contained in the underlying criminal statute, while failing to impose any such limit under the fine provisions of the probation statute, reflects a legislative intent not to impose any such limit with respect to fines. It is a basic principle of statutory construction that the express mention of one thing implies the exclusion of other similar things. *Jennings v Southwood,* 446 Mich 125, 142; 521 NW2d 230 (1994). Therefore, the express mention of a limitation regarding the period of incarceration being linked to the underlying criminal statute implies the exclusion of a similar limitation on the amount of fines that may be imposed.

Defendant's position further ignores the fact that probation is a matter of grace, not of right, and that the trial court enjoys broad discretion in determining the conditions to be imposed as part of probation. *People v Whiteside,* 437 Mich 188, 192; 468 NW2d 504 (1991). Indeed, had defendant found the term of probation to be overly onerous, he could have declined the grant of probation, notified the court that he would not abide by the terms of probation, and submitted himself for sentencing directly under the retail fraud statute, with its limitation of the amount of fine that may be imposed.

To the extent that defendant also argues that the amount of the fine, even if authorized by statute, is nevertheless excessive, and therefore disproportionate, defendant has waived any such review of his sentence by failing to submit to this Court a copy of the presentence investigation report as required by MCR 7.212(C)(6).

Affirmed.