PEOPLE v RODRIGUEZ

Docket No. 161283. Submitted July 11, 1995, at Grand Rapids. De-
cided July 25, 1995, at 9:15 A.M. Leave to appeal sought.

Pablo Rodriguez pleaded nolo contendere in the Muskegon Circuit
Court, James M. Graves, Jr., J., to a charge of second-degree
murder in exchange for the dismissal of the original charge of
open murder. The court sentenced the defendant to twenty-five
to seventy-five years' imprisonment. The defendant appealed
from that order and an order denying his motion for resentenc-
ing.

The Court of Appeals *held:*

1. The trial court did not err in scoring Offense Variable 3,
Intent to Kill or Injure. The court found that the deceased
lawfully acted in self-defense and in defense of others when he
used a crutch as a defensive weapon during a fight. Because the
deceased was not an aggressor and was not being pugnacious or
inclined to fight, the court properly declined to find that the
deceased's death occurred during a combative situation, which
would have required the court to assign a lower score.

2. The circumstances here do not meet the threshold of a
combative situation because the deceased was helpless when
the defendant stabbed him. The evidence supports the trial
court's scoring of Offense Variable 3.

3. The defendant was one of the initial aggressors who
created the altercation during which the murder occurred. It
would be incongruent to find that the defendant was entitled to
a lower score because the altercation comprised a combative
situation.

4. The sentence does not reflect error requiring resentencing.
The sentence is in accordance with the plea, which demon-
strates the defendant's agreement that the sentence is propor-
tionate.

5. The defendant received effective assistance of counsel.

REFERENCES
Am Jur 2d, Appellate Review § 488; Criminal Law § 985; Homicide
§§ 141, 549.
See ALR Index under Attorney or Assistance of Attorney; Appeal
and Error; Self-Defense; Sentence and Punishment.

Affirmed.

1. Homicide — Sentences — Offense Variables — Combative
   Situations — Self-Defense.

   A decedent's unsuccessful lawful defense of the decedent and
   others during an altercation in which the decedent is helpless
   when killed does not constitute a "combative situation" that
   would require a sentencing court to score ten points under
   homicide Offense Variable 3 of the sentencing guidelines follow-
   ing the defendant's conviction of second-degree murder for the
   death.

2. Sentences — Proportionality — Appeal — Waiver.

   The issue whether a sentence is disproportionate is waived on
   appeal where the defendant fails to provide the Court of
   Appeals with a copy of the presentence investigation report
   (MCR 7.212[C][6]).

3. Criminal Law — Attorney and Client — Effective Assistance
   of Counsel.

   Defense counsel is not required to argue a motion that does not
   have merit or make an objection at sentencing that is ground-
   less.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Tony Tague,* Prosecuting
Attorney, and *Kevin A. Lynch,* Senior Assistant
Prosecuting Attorney, for the people.

State Appellate Defender (by *F. Michael
Schuck*), for the defendant on appeal.

Before: DOCTOROFF, C.J., and NEFF and CONNOR,
JJ.

CONNOR, J. As a result of a plea bargain, defen-
dant pleaded nolo contendere[1] to a charge of sec-
ond-degree murder, MCL 750.317; MSA 28.549, in
exchange for a dismissal of the original charge of
open murder. The sentencing guidelines recom-
mended a minimum sentence range of ninety-six

---

[1] Defendant did not have sufficient memory of the offense to submit
a guilty plea.

to three hundred months' imprisonment. The trial court sentenced defendant to twenty-five to seventy-five years. Defendant appeals as of right. We affirm.

Defendant first argues that the trial court erred in scoring Offense Variable (ov) 3, Intent to Kill or Injure, asserting that the court should have scored ten points rather than twenty-five points. The pertinent instructions for this variable provide: "Score '10' where a killing is intentional within the definitions of murder second degree or voluntary manslaughter *but the death occurred in a combative situation* or in response to victimization of the offender by the decedent." Sentencing Guidelines (2d ed, 1988) p 77 (emphasis added).

Defendant maintains that the circumstances rose to the level of a combative situation in part because the victim retrieved a crutch to use as a defensive weapon during a fight. Whether lawful defense of oneself or others constitutes a "combative situation" under ov 3 is an issue of first impression in this Court.[2] Courts should interpret statutes according to the common and approved usage of any undefined words within them. *People v Fields,* 448 Mich 58, 67; 528 NW2d 176 (1995). Random House Webster's College Dictionary (1992) defines "combative" as "ready or inclined to fight; pugnacious."

In this case, the deceased attended a birthday party and interceded in an argument that arose between two other guests, a male and a female. The male left the party, but returned about thirty minutes later with a group of fifteen to twenty other males, including defendant. Members of the group, including defendant, threatened to kill the ten or so partygoers, struck some of them, and

---

[2] The guidelines do not define "combative situation."

smashed windows. The deceased then retrieved a wooden crutch from inside the house. When he returned, a fight had broken out. The deceased swung the crutch once before someone snatched it from him. The trial court remarked that the deceased was not an aggressor; rather, he lawfully acted in self-defense and in defense of others. Rather than being pugnacious or inclined to fight, the deceased was merely attempting to defend himself and the others at the party. We agree with the trial court that it would be absurd to reward defendant with a lower score merely because the deceased tried unsuccessfully to defend himself. Courts should avoid absurd results in statutory construction when possible. *People v Pegenau*, 447 Mich 278, 295, n 16; 523 NW2d 325 (1994) (opinion by MALLETT, J.).

Also, we find that the circumstances here do not meet the threshold of a combative situation because the deceased was helpless when defendant stabbed him. After the deceased retrieved the crutch, another man wrested it from him and hit him with it, felling him. While the deceased was on the ground, four people pulled his shirt up over his arms, leaving him defenseless. Defendant then stabbed the deceased four times and killed him. Thus, we find that evidence exists to support the higher ov 3 score. See, generally, *People v Hoffman*, 205 Mich App 1, 24; 518 NW2d 817 (1994).

We also note that defendant's reliance on *People v Payton*, 186 Mich App 387; 464 NW2d 907 (1990), is misplaced. The *Payton* Court did not define a "combative situation" under ov 3, and the opinion includes no pertinent facts to permit a comparison with the facts of the instant case. Finally, *Payton* is distinguishable in that the defendant in *Payton* was convicted of voluntary man-

slaughter, whereas defendant's conviction here was for second-degree murder.[3]

Defendant also argues that the brawl outside the party comprised a combative situation. However, defendant and his fellow gang members, who outnumbered the people at the party, were the initial aggressors who created the altercation. They broke windows, threatened to kill the partygoers, and physically assaulted them. Under these circumstances, it would be incongruent to reward defendant with a lower OV 3 score.

Defendant next argues that his sentence is disproportionate. We note that because defendant failed to provide this Court with a copy of his presentence investigation report, as required under MCR 7.212(C)(6), he has waived this issue. *People v Oswald,* 208 Mich App 444, 446; 528 NW2d 782 (1995). Even considered on its merits, defendant's sentence reflects no error requiring resentencing. First, defendant's sentence is within the guidelines recommended range and is thus presumed proportionate. *People v Broden,* 428 Mich 343, 354-355; 408 NW2d 789 (1987). Second, we reject defendant's proportionality argument in light of *People v Cobbs,* 443 Mich 276, 285; 505 NW2d 208 (1993), which is controlling. Defendant's sentence is in accordance with his plea, which demonstrates his agreement that the sentence is proportionate. *Id.*

We also find that defendant was not denied effective assistance of counsel at sentencing. As

---

[3] Defendant also relies on *People v Kouza,* unpublished opinion per curiam of the Court of Appeals, decided June 11, 1992 (Docket No. 126590). We decline to follow *Kouza* because, as an unpublished opinion, it is not binding precedent. MCR 7.215(C)(1); *People v Powell,* 199 Mich App 492, 496, n 2; 502 NW2d 353 (1993). We also reject *Kouza* as a precedent because the Court in that case did not interpret the meaning of a "combative situation." As noted by the Court, the facts in *Kouza* abundantly demonstrated that the deceased victimized the defendant—which is not true in the instant case.

indicated above, the trial court correctly scored ov 3; therefore, defense counsel had no grounds upon which to object to the score. Counsel is not required to argue a meritless motion; by analogy, counsel is not required to make a groundless objection at sentencing. *People v Gist,* 188 Mich App 610, 613; 470 NW2d 475 (1991). Additionally, we find that defense counsel acted properly at defendant's allocution. The record shows that defense counsel asked the court to impose a sentence, within the guidelines range, based on defendant's lack of a prior criminal record. MCR 6.425(D)(2). See, generally, *People v Jones (On Rehearing),* 201 Mich App 449, 453; 506 NW2d 542 (1993).

Affirmed.