# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOSEPH JAMES CHANDLER,

Defendant-Appellant.

UNPUBLISHED
July 20, 2017

No. 331031
Cass County Circuit Court
LC No. 14-010164-FH

Before: RONAYNE KRAUSE, P.J., and K. F. KELLY and GADOLA, JJ.

PER CURIAM.

Defendant, Joseph Chandler, was convicted of manufacture of methamphetamine, MCL 333.7401(2)(b)(i); maintaining a laboratory involving methamphetamine, MCL 333.7401c(2)(f); and possession of methamphetamine, MCL 333.7403(2)(b)(i); pursuant to his guilty plea. Defendant was sentenced to 6 to 30 years' imprisonment for the manufacture of methamphetamine conviction; 6 to 30 years' imprisonment for the maintaining a laboratory involving methamphetamine conviction, and 35 days' imprisonment for the possession of methamphetamine conviction. The sentences are concurrent, and defendant received credit for 35 days already served. Defendant appeals by leave granted.[1] We affirm.

In the instant case, defendant was arraigned in July 2014, for offenses that occurred in April 2012. Defendant posted bond and was released. However, he was then arrested on unrelated charges in another county on March 23, 2015. Defendant pleaded guilty, and his bond was revoked in the instant case on June 9, 2015. Sentencing occurred on July 10, 2015. At sentencing, the trial court credited defendant with a total of 35 days for time served. Based on the time between when his bond was revoked on June 9 and his sentencing on July 10, defendant was credited 32 days. He was also credited for an additional three days for his incarceration resulting from his arrest in the instant case on July 11, 2014, until he posted bond on July 14. The trial court stated that defendant was not entitled to credit from the time he was arrested for the unrelated charges in the other county on March 23, 2015, because he was only entitled credit

---

[1] *People v Chandler*, unpublished order of the Court of Appeals, entered March 8, 2016 (Docket No. 331031).

-1-

for time served in connection with the offenses in the instant case after bond was revoked. Defendant did not object to the calculation.

Defendant argues on appeal that the trial court erred when awarding jail credit at sentencing. In addition, defendant argues that his trial counsel was ineffective for failing to object to the trial court's jail credit calculation. We disagree.

First, this Court did order the prosecutor to file a brief in this case. The concern of this Court was as to when defense counsel was aware that defendant was incarcerated in another jail and should have made a motion to revoke bond in the present case. Neither side, nor the record, gives this court any evidence of when defense counsel was aware of this fact. Thus, we must stay with the record which indicates that bond was revoked timely, which means defendant is not entitled to additional jail credit.

Because defendant failed to object to the calculation of jail credit at sentencing, the issue is unpreserved. *People v Meshell*, 265 Mich App 616, 638; 696 NW2d 754 (2005). "Unpreserved sentencing errors are reviewed for plain error." *Id*. at 638.

Michigan's Sentencing Credit statute provides:

Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing. [MCL 769.11b.]

The Michigan Supreme Court held that "credit is to be granted for presentence time served in jail only where such time is served as a result of the defendant being denied or unable to furnish bond 'for the offense of which he is convicted.' " *People v Adkins*, 433 Mich 732, 742; 449 NW2d 400 (1989), quoting MCL 769.11b. Accordingly, this Court has held that a defendant was not entitled to jail credit when he was incarcerated for another offense. *People v Givans*, 227 Mich App 113, 125-126; 575 NW2d 84 (1997).

Here, the trial court properly calculated defendant's jail credit.[2] Defendant's incarceration beginning on March 23, 2015, in another county was the result of charges in that county and not the "result of [] defendant being denied or unable to furnish bond" in the instant

---

[2] Although defendant criticizes the prosecution's delay in filing charges, defendant is not entitled to jail credit while incarcerated for an unrelated offense. *People v Prieskorn*, 424 Mich 327, 344; 381 NW2d 646 (1985). See also *People v Waclawski*, 286 Mich App 634, 688; 780 NW2d 321 (2009) (holding that the defendant was not entitled to jail credit for incarceration in another state for an unrelated offense even if there was "excessive delay" in extraditing the defendant to Michigan because the language in MCL 769.11b "specifically provides that a defendant is entitled to credit for time served for the offense of which he is convicted") (quotation marks omitted).

case. *Adkins*, 433 Mich at 742 (quotation omitted). Defendant was unable to post bond in the instant case starting on June 9, 2015, when his bond was revoked. Therefore, for the time between March 23 and June 9, defendant was incarcerated on a separate offense. *Givans*, 227 Mich App at 125-126. Accordingly, the trial court properly awarded 35 days of jail credit.

Moreover, trial counsel was not ineffective for failing to object to the trial court's jail credit calculation because trial counsel was not required to make a meritless objection at sentencing. *People v Rodriguez*, 212 Mich App 351, 356; 538 NW2d 42 (1995). And as stated previously, there is no record evidence of when defense counsel knew of defendant's incarceration in a different jail until the plea date, and defense counsel moved to have bond revoked at that time.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Kirsten Frank Kelly
/s/ Michael F. Gadola