# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DANIEL RAY RITCHIE, JR,

Defendant-Appellant.

UNPUBLISHED
June 21, 2018

No. 337386
Cass Circuit Court
LC No. 16-010095-FH

Before: CAMERON, P.J., and METER and BORRELLO , JJ.

PER CURIAM.

Defendant was convicted by jury of second-degree home invasion, MCL 750.110a(3), and sentenced as a fourth-offense habitual offender, MCL 769.12, to 7 to 15 years' imprisonment. Defendant challenges the scoring of the sentencing guidelines as to offense variables (OVs) 9 and 12. We affirm.

## I. BACKGROUND

This case arises from the breaking and entering of a small, modular home located in a rural area. The victim, Kelly Cloud, testified that she lived on a secluded dirt road, that her home was situated between a cornfield and a wooded area, and that she had no neighbors nearby. On the day of the offense, she returned from shopping with her two minor children, drove up the driveway, and exited the car. However, upon hearing "banging and rattling" from behind her home, Cloud locked the children in the car and walked around the front corner of the home to investigate. Frightened, Cloud immediately returned to her car. In that moment, however, a car driven by a white male hurtled around the other side of the house at a high rate of speed, traversed the front yard to the driveway on which Cloud's car was parked, and proceeded out onto the road.

Cloud called the police and waited for them to arrive before entering her home. Once inside, she discovered that someone had broken her bedroom window to gain entry to her bedroom. She found the mattress flipped, the dresser drawers pulled out, and the window broken. Although she originally thought nothing of value had been taken, Cloud later realized that her video camera and her lawn mower were missing. There was a large piece of human

-1-

scalp on the broken window, a sample of which was run through CODIS[1] before trial. The DNA from the sample matched defendant, who was then charged with second-degree home invasion. The jury convicted defendant of the offense, a Class C felony punishable by a maximum of 15 years' imprisonment. MCL 777.16f.

At sentencing, the guidelines minimum sentence range was scored at 36 to 71 months' imprisonment. However, because defendant was sentenced as a fourth-offense habitual offender, the ceiling of the minimum range was increased to 142 months' imprisonment. MCL 777.21(3)(c). The trial court sentenced defendant to 7 to 15 years' imprisonment, a sentence in the middle of the guidelines range.

Defendant argues he is entitled to resentencing because the trial court erred in its assessment of 10 points for OV 9 and one point for OV 12. He further argues that given the scoring errors, his sentence was not proportionate, and therefore not reasonable. While we agree that the trial court erred in assessing one point for OV 12, it did not err in assessing 10 points for OV 9. Regardless, defendant is not entitled to resentencing because a reduction of 11 points for OVs 9 and 12 would not change the guidelines minimum sentence range, and a sentence within the guidelines range is considered proportionate.

## II. PRESERVATION AND STANDARD OF REVIEW

In reviewing a defendant's claim that the trial court assigned an improper score to an offense variable, this Court reviews for clear error the trial court's factual determinations, which must be supported by a preponderance of the evidence. *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). When calculating the sentencing guidelines, a trial court may consider all record evidence, including the contents of a PSIR and testimony taken at trial. *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012). While defendant preserved his challenge to the scoring of OV 12 by objecting at sentencing, no such objection was made to the scoring of OV 9. This Court may review unpreserved scoring errors for plain error. *People v Chelmicki*, 305 Mich App 58, 69; 850 NW2d 612 (2014).

## III. ANALYSIS

### A. OV 9

Defendant claims the trial court improperly assessed 10 points for OV 9 (number of victims). We disagree.

---

[1] CODIS stands for Combined DNA Index System; it is a database system used by law enforcement to catalogue DNA profiles created from samples collected from crime scene evidence as well as the DNA of previous offenders.

MCL 777.39(1)(c) provides that 10 points should be assessed if "[t]here were 2 to 9 victims who were placed in danger of physical injury or death, or 4 to 19 victims who were placed in danger of property loss." MCL 777.39(1)(c). "Only people placed in danger of injury or loss of life when the sentencing offense was committed (or, at the most, during the same criminal transaction) should be considered." *People v Sargent*, 481 Mich 346, 350; 750 NW2d 161 (2008).

Defendant first argues the children were never in danger or, alternatively, he never intended to place them in danger, so the trial court should not have assessed points under OV 9. Defendant relies on *People v Phelps*, 288 Mich App 123; 791 NW2d 732 (2010), overruled on other grounds by *Hardy*, 494 Mich at n 18, to support his claim. In that case, the defendant was found guilty of criminal sexual conduct after he entered the victim's bedroom and engaged in forced sexual intercourse with her while two of her friends were also present. *Id*. at 125, 127-130. This Court held that, although there were two other people present in the bedroom when the assault occurred, there was "no evidence on the record to support the conclusion" that they were in danger of physical injury or loss of life and should not have been counted as victims for the purpose of scoring OV 9. *Id*. at 138. Here, however, defendant admitted to being high on drugs as he drove his car across Cloud's yard in close proximity to Cloud and her two children. While a locked car may be considered safe under certain circumstances, it was not a safe place when the drug-addled thief sped past while the children were in it. Regardless of his intent, defendant's conduct, unlike in *Phelps*, placed three victims in danger of physical injury or loss of life.

For this reason, defendant's reliance on *People v Morson*, 471 Mich 248; 685 NW2d 203 (2004), is also meritless. In *Morson*, our Supreme Court held that, although only one person was robbed at gunpoint, there were two victims for scoring purposes because the second person was in such close proximity to the scene that he was also "placed in danger of injury or loss of life." *Id*. at 262. Here, as in *Morson*, the multiple victims were in close proximity to the danger imposed. Because defendant's reckless behavior placed Cloud and her children in danger of injury or loss of life, OV 9 was properly scored.[2]

---

[2] Defendant also relies on *People v Moore*, unpublished per curiam opinion of the Court of Appeals, issued April 5, 2011 (Docket No. 295266). In that case, defendant's apartment was raided by several police officers, and, because defendant had access to weapons therein, the trial court held that the police who entered the apartment were "placed in danger of physical injury." *Id*. at 6. However, this Court found it was error to assess points under OV 9; there was no record evidence that the police were ever in any danger because they secured the apartment immediately upon entry and the defendant was unarmed and cooperative. *Id*. In this case, the victims were not police officers trained in securing crime scenes, but instead two very young children locked in a car while their frightened mother investigated "banging and rattling" behind the home. Indeed, the PSIR indicated OV 9 was scored at 10 points due to "the victim and her children . . . arriving home while the defendant was there breaking into the home." Defendant was under the influence of drugs when he drove the car across the lawn, onto the driveway, and out to the road. Thus, there is sufficient record evidence to score 10 points for OV 9.

Defendant, however, also argues the trial court erred because even if the children were placed in danger, it occurred after the criminal transaction. We disagree.

In *People v McGraw*, 484 Mich 120, 133-134; 771 NW2d 655 (2009), our Supreme Court clarified that OV 9 does not allow a sentencing court to consider conduct which occurs after the completion of the sentencing offense. The defendant in *McGraw* pleaded guilty to breaking and entering a building with intent to commit a larceny. *Id*. at 122. A witness observed him loading stolen items into the getaway car after breaking into a local business and called the police, who later located the defendant's car and gave chase, pursuing the defendant until he crashed the car and escaped on foot. *Id*. Our Supreme Court held that it was error for the trial court to consider the defendant's conduct of fleeing and eluding the police—which occurred well after the completion of the breaking and entering—because no one was placed in danger of injury or loss of life for scoring purposes.[3] *Id*. at 134.

Unlike in *McGraw*, defendant was still at the scene of the crime attempting to leave with the lawnmower and camera—not far away from the scene fleeing from police officers. At the very least, defendant was engaged in the same criminal transaction of committing second-degree home invasion when he drove off the property with some of Cloud's possessions. *Sargent*, 481 Mich at 350. Therefore, defendant's argument is without merit, and we do not detect plain error.

Defendant's argument that trial counsel was ineffective for failing to object to the scoring of OV 9 is equally meritless. As discussed above, OV 9 was correctly scored in this case. "Counsel is not required to make a groundless objection at sentencing." *People v Rodriguez*, 212 Mich App 351, 356; 538 NW2d 42 (1995). Therefore, defendant was not denied the effective assistance of counsel with regard to the scoring of OV 9.

B. OV 12

Defendant also argues that the trial court improperly assessed one point for OV 12 (contemporaneous felonious criminal acts) because there was no evidence in the record showing that he committed other contemporaneous felonious criminal acts besides his second-degree home invasion. We agree.

---

[3] We note that the defendant in McGraw pleaded guilty to multiple counts of breaking and entering in exchange for the dismissal of other charges, including a charge of fleeing and eluding police officers. *McGraw*, 484 Mich at 122-123. The Supreme Court held that it was error for this Court to affirm the trial court's scoring of conduct based on a charge that was ultimately dismissed, specifically stating: "If the prosecution had wanted defendant to be punished for fleeing and eluding, it should not have dismissed the fleeing and eluding charge. It would be fundamentally unfair to allow the prosecution to drop the fleeing and eluding charge while brokering a plea bargain, then resurrect it at sentencing in another form." *Id*. at 134. In this case, defendant was charged with a single count of second-degree home invasion, even though it was later discovered he had stolen a lawnmower and a video camera from the victim's home.

MCL 777.42(1) provides that one point should be assessed if "[o]ne contemporaneous felonious criminal act involving any other crime was committed." MCL 777.42(1)(f). A felonious criminal act is "contemporaneous" if the act occurred within 24 hours of the sentencing offense and the act has not and will not result in a separate conviction. MCL 777.42(2)(a). "[T]he language of OV 12 clearly indicates that the Legislature intended for contemporaneous felonious criminal acts to be acts other than the sentencing offense and not just other methods of classifying the sentencing offense." *People v Light*, 290 Mich App 717, 726; 803 NW2d 720 (2010).

In this case, the trial court agreed with the prosecutor's argument that defendant's act of trying to steal the victim's belongings from her home was a separate, distinct offense from second-degree home invasion, and assessed one point for purposes of scoring OV 9. However, the felony information alleged that he "did break and enter, or did enter without permission, a dwelling . . .with the intent to commit *larceny* therein; contrary to MCL 750.110a(3)." (emphasis added.). Because the home invasion and the larceny were based on the same criminal conduct, there is no contemporaneous criminal act for the purpose of scoring OV 12. Consequently, OV 12 should have been assessed no points.

Regardless, resentencing is not required because the deduction of one point from defendant's OV score does not alter his guidelines range. *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006). Defendant's total OV score was 21 points, placing him in OV Level II (10-24 points) under the applicable sentencing grid. MCL 777.64. Therefore, even if we had found in favor of both of defendant's claims and deducted 11 points from his total OV score, defendant's guidelines range does not change, and resentencing is not required because any scoring error will not alter the guidelines range. *Francisco*, 474 Mich at 89 n 8.

## C. PROPORTIONALITY

Finally, defendant argues that he is entitled to resentencing because his sentence is not proportionate. Defendant claims that, because sentencing guidelines are now advisory under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), defendant is entitled to resentencing so the trial court can "craft an appropriate and reasonable sentence."

However, in *Schrauben*, 314 Mich App at 196 n 1, this Court noted that "*Lockridge* did not alter or diminish MCL 769.34(10)," which provides in relevant part:

> (10) If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence.

The sentencing guidelines range for second-degree home invasion for a fourth-offense habitual offender was calculated at 36 to 142 months' imprisonment. The trial court sentenced defendant to 7 to 15 years' imprisonment, right in the middle of the range. Because defendant's minimum sentence fell within the guidelines' range, the reasonableness review by *Lockridge* is not applicable. Further, as discussed above, the scoring error here did not change defendant's sentencing guidelines. While defendant seems to argue that all sentences are subject to the

reasonableness review under *Lockridge*, this assertion is directly contrary to the holding in *Schrauben* that the *Lockridge* decision did not alter or diminish MCL 769.34(10). Therefore, this Court must affirm defendant's sentence in accordance with MCL 769.34(10). *Schrauben*, 314 Mich App at 196 n 1.

Affirmed.

/s/ Thomas C. Cameron
/s/ Patrick M. Meter
/s/ Stephen L. Borrello