# Order

Michigan Supreme Court
Lansing, Michigan

November 15, 2019

159834

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

JOSEPH ROBERT BENSCH,
      Defendant-Appellee.

SC: 159834
COA: 341585
Lenawee CC: 17-005792-AR

_____/

Bridget M. McCormack,
*Chief Justice*

David F. Viviano,
*Chief Justice Pro Tem*

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
*Justices*

On order of the Court, the application for leave to appeal the April 30, 2019 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

VIVIANO, J. (*concurring*).

I concur in the Court's denial order and write separately to explain my decision. This Court may exercise its discretion to deny leave when we determine that, despite the obvious and significant impact of the case on the parties, the Court does not believe that the legal issues raised in the appeal are of sufficient statewide import for the Court to intervene. See MCR 7.305(B)(3) (including as one alternative ground for granting leave that the application "show[s] that . . . the issue involves a legal principle of major significance to the state's jurisprudence."). The prosecutor here concedes something that I also know to be true from my time as a trial judge: criminal defendants very rarely prefer jail time or a prison sentence over probation. And when that rare circumstance occurs, trial judges routinely oblige the defendant—after all, why would a trial judge sentence the defendant to a probationary sentence when the defendant has already indicated that he or she is unable or unwilling to comply with the terms and conditions of probation? Probation is an alternative to incarceration that "is granted in the hope of rehabilitating the defendant . . . ." *People v Gallagher*, 55 Mich App 613, 619 (1974) (cleaned up). There would appear to be little hope of rehabilitating a defendant who refuses in advance to comply with the terms and conditions of his probation, especially since the only sanction left for the court to impose is the very term of incarceration already requested by the defendant. This is all another way of saying that, even if the dissenting justices' legal analysis is correct—a conclusion subject to debate—why spend considerable judicial resources resolving the issue when it arises so infrequently and in such strange circumstances?

I am not inclined to intervene here for yet another reason: the sentence imposed by

the trial judge appears to be an effort to evade our rule requiring concurrent sentences in the absence of statutory authority for consecutive sentences. See *People v Sawyer*, 410 Mich 531, 534 (1981). See also *In re Petition of Bloom*, 53 Mich 597, 598 (1884). Here, although no statute authorized consecutive sentencing, the trial judge crafted a sentence that would essentially allow for at least the possibility of a consecutive sentence by imposing a jail sentence in the first case and a probationary sentence in the second. Rather than the defendant receiving the maximum term of incarceration (one year) in both cases and having those terms run concurrently, he received the maximum term only in the first case. He then faces the same term again in the second case if he fails to complete his term of probation successfully. Because the sentence in the second case may be imposed after completion of the defendant's first sentence, the two sentences would be, in essence, consecutive sentences. Thus, even if the dissenting justices' analysis were correct and the legal issue were significant enough to be vindicated in an appropriate case, I also would not intervene here because it would sanction the trial judge's end run around our longstanding rule regarding concurrent sentencing.

For these reasons, I concur in the Court's denial order.

CLEMENT, J. (*concurring*).

I concur in the Court's order denying leave to appeal. Regardless of what one thinks of the Court of Appeals' attention to its own precedents interpreting the law of probation, I believe that the text and structure of the Code of Criminal Procedure indicate that a defendant must consent to a sentence of probation. First, MCL 771.4 says that "probation is a matter of grace," and a "matter of grace" is defined as "[a] situation in which a decision-maker uses a high degree of discretion in deciding whether to grant *some form of relief*," *Black's Law Dictionary* (11th ed) (emphasis added). It is difficult for me to see how something involuntarily imposed on a party is a "form of relief," especially since "relief" is defined as "[t]he redress or benefit . . . that a party *asks of a court*." *Id.* (emphasis added). Second, the structure of the probation system suggests that a defendant must agree to be placed on probation. Because MCL 771.3(2)(b) allows the trial court to impose a fine (but without limits), the trial court is not bound by the sentencing restrictions otherwise provided by the Michigan Penal Code. See, e.g., *People v Oswald*, 208 Mich App 444, 445-446 (1995) (allowing a fine of $1500 as a condition of probation for a crime which the Michigan Penal Code caps the allowable fine at $1000). Indeed, MCL 771.3(3) allows a trial court to "impose [any] other lawful conditions of probation as the circumstances of the case require or warrant or as in its judgment are proper," under which "judges have great discretion . . . limited only by the requirement that conditions be lawful," keeping in mind that "[t]here is no ultimate catalogue of legal or illegal terms." *People v Johnson*, 92 Mich App 766, 768 (1979). The manner in which a probationary sentence can deviate from the restrictions the Legislature has otherwise placed on a court's sentencing power and discretion is a structural indication that a sentence of probation requires the consent of the defendant; if it could be involuntarily imposed, the Michigan Penal Code would only limit a sentencing court to

the extent that a court chose to be limited, which does not seem to me to be any real limit at all.[1]

For these reasons, I concur in the Court's order denying leave to appeal.

MARKMAN, J. (*dissenting*).

I respectfully dissent and instead would affirm the unremarkable proposition that within our state's justice system, it is the trial court that determines criminal sentences and not the defendant. And in dissenting from this order, I would also affirm the equally unremarkable proposition that in reviewing criminal sentences, the appellate courts of this state, including this Court, must affirm criminal sentences in the absence of unconstitutionality, unlawfulness, or abuse of discretion. Despite these commonplace propositions, the district court here has imposed a probationary sentence-- one within the scope of its legal judgment-- only to have the circuit court strike down that sentence and the Court of Appeals to affirm, on the grounds that the defendant must be allowed to "waive" his sentence and demand instead a sentence more to his liking-- oddly, to be sure, a sentence of incarceration in lieu of a sentence of probation but, perhaps more rationally understood, a sentence allowing defendant to serve less cumulative time under state supervision for concurrent convictions of operating while intoxicated. Indisputably, criminal defendants are entitled to argue for punishments in what they view as their best interest, and they are entitled to urge these views upon the trial court, and they are entitled even to apprise the court that, if given a probationary sentence, they would violate a condition of probation and thus compel the court to reincarcerate them. However, where the defendant fails in these pursuits to persuade the trial court as to an

---

[1] The dissent correctly notes that unlawful conditions of probation can be appealed. I still maintain that the broad flexibility the trial court has under MCL 771.3(3), when contrasted with the constrained sentencing discretion trial courts possess under the Michigan Penal Code, suggests that a defendant must accept being placed on probation, with appeals from unlawful conditions of probation available when a defendant wants probation (and thus to avoid incarceration), but believes a particular term of probation is unduly onerous. See, e.g., *People v Higgins*, 22 Mich App 479 (1970) (probationary term requiring defendant not to play college or professional basketball held unlawful). In any event, however, what apparently *cannot* be appealed, as a condition of probation, is a penal fine in excess of the maximum authorized by the Michigan Penal Code. See *Oswald*, 208 Mich App at 445-446. Even assuming that any such fine must still be reasonable—presumably a $100,000 assessment in *Oswald* would not have passed muster—I believe the trial court's ability to exceed the clearly delineated boundaries for fines expressed in the Michigan Penal Code when a defendant is sentenced to probation is a structural indication that the defendant must agree to be placed on probation. If the trial court can impose probation without the defendant's consent, it would seem to have the unilateral ability to exceed the caps on fines expressed in the Michigan Penal Code, which appears to me to defeat the purpose of establishing a cap in the first place.

appropriate sentence, it is the *court* that determines a criminal sentence, not the defendant himself, and it is the obligation of appellate courts, including this Court, absent some legal defect, to abide by that sentence.

The Court of Appeals' dissent correctly identifies the issue involved in the instant case-- "[i]s there any circumstance under which a criminal defendant may veto a sentence which the trial judge intends to impose and demand a sentence more to the defendant's liking?"-- and the dissent equally correctly answers this query-- No. *People v Bensch*, 328 Mich App ___, ___ (2019) (Docket No. 341585) (TUKEL, J., dissenting), at 1. Moreover, the dissent correctly understands everything else that matters about this case-- (1) that it is of no consequence, as the Court of Appeals majority seemed to think, that the prosecutor allegedly failed to "identif[y] any difficulties" with defendant's assertion of authority to determine his own sentence since, as the dissent avers, "[t]he correct resolution [of this case] turns on legislative intent" as expressed in the language of MCL 771.1 and not on "policy determinations," *id*. at ___, slip op at 3; (2) that the availability of probation as a sentencing option "rests in the sound discretion of the trial court," *id*. (quotation marks and citation omitted); (3) that there is no language in our probation statute providing that a defendant must consent to, or may veto, a court's decision; (4) that probation being understood as a "matter of grace" does not confer discretion upon the *defendant* but upon the *trial court* either to grant or to revoke probation; and (5) that (at least until today) there has not been the slightest indication in any case of this Court that the probationary decisions of the trial court are either "dependent on a defendant's approval" or "subject to [his] veto," *id*. at ___, slip op at 6.

Concerning Justice CLEMENT's concurring statement, first, I respectfully disagree that a defendant "must consent to a sentence of probation" because such a sentence is "a matter of grace" under MCL 771.4. Indeed, under the concurrence's *own* definition, "matter of grace" is defined as "[a] situation in which a *decision-maker* uses a high degree of discretion in deciding whether to grant some form of relief." *Black's Law Dictionary* (11th ed) (emphasis added). Thus, it is obviously the court, and not the defendant, who possesses discretion in deciding whether to allow probation. And equally obviously, a probationary sentence in lieu of incarceration is most commonly understood as constituting "relief" in the context of MCL 771.4. Second, I respectfully disagree that the "structure of the probation system suggests that a defendant must agree to be placed on probation" on the grounds that a court can deviate from the restrictions the Legislature has placed on its sentencing power without "any real limit at all." That is simply not so. Rather, a trial court may only render a sentence that imposes "lawful conditions of probation as the circumstances of the case require or warrant or as in its judgment are proper," MCL 771.3(3). Indeed, even if an *unlawful* condition was imposed, the remedy would be to remove the condition, not to allow the defendant to choose whether he wished to continue with a sentence of probation or not.

I would reverse the Court of Appeals and instead adopt the analysis and conclusion of the dissenting judge in the Court of Appeals.

ZAHRA, J., joins the statement of MARKMAN, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 15, 2019



Clerk

t1112